UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KAREN MAYFIELD                                                                                          PLAINTIFF

VERSUS                                                                   CIVIL ACTION NO. 1:23-CV-8-TBM-RPM

BEAU RIVAGE RESORTS, LLC, ET AL                                                              DEFENDANTS

**REPORT AND RECOMMENDATIONS**

Plaintiff Karen Mayfield ("Mayfield"), proceeding *pro se* and *in forma pauperis*, filed a complaint on January 11, 2023, alleging sexual harassment, "aggregate assault," "personal assault," and racial discrimination. Doc. [1], at 4. She failed to provide any factual allegations to support her claims. The Court entered an order on January 18, 2023, requiring Mayfield to provide the necessary factual allegations. Doc. [4]. The Court held a *Spears* hearing on April 3, 2023.

I.      APPLICABLE LAW

As Mayfield is proceeding *in forma paupers*, her complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. Section 1915(e)(2)(B); *see Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the claim's merit). This Court is "vested with especially broad discretion in making the determination of whether an [*in forma pauperis*] proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). This discretion exists by reason that, "the *in forma pauperis* provision allows persons to bring their claims in federal court without the usual costs associated with litigation." *Wells v. U.S. Dep't of Educ. Off. for C.R.*, 450 F. App'x 431 (5th Cir. 2011). "[A] complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556, 570)).

II. DISCUSSION

a. Assault and Harassment Claims

Mayfield's claims arise from her visits as a guest at the Beau Rivage Resort & Casino in Biloxi, Mississippi on October 8, 2022, and November 26, 2022. At the *Spears* hearing, Mayfield stated that her claim for "personal assault" stemmed from her visit on October 8, 2022. According to Mayfield, someone reported that she had stolen a purse at the casino. The report led security to ask Mayfield to leave the casino, which she did. She testified that she was not physically touched or injured in any way. As to her claim of "aggregate assault," Mayfield testified that Beau Rivage personnel kept "bothering her" on the nights in question. However, she explained that she was never threatened with physical harm or otherwise physically injured. As to her claim of sexual harassment, Mayfield reiterated that Beau Rivage employees were "bothering her" but never touched or threatened to harm her. She made no allegations related to any conduct of a sexual nature.

Mayfield's claims and statements are clearly insufficient to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). Mayfield had numerous opportunities to present additional facts. Nevertheless, she has failed to present sufficient factual support. Beyond her initial pleadings, Mayfield was required to submit factual allegations pursuant to the Court order on January 18, 2023. Doc. [4]. Further, the Court

conducted a *Spears* hearing where Mayfield provided testimony related to all her claims. However, Mayfield has not presented any factual allegations that would provide an arguable basis in law. The pertinent *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Mayfield merely presents conclusory allegations with limited, or no, factual support. The undersigned is therefore of the opinion that, as to the claims of "personal assault," "aggregate assault" and sexual harassment, Mayfield has stated no claim upon which relief may be granted.

    b.  Racial Discrimination

In her response to the Court's order and at the *Spears* hearing, Mayfield alleged the Defendants (Beau Rivage Resorts LLC, Beau Rivage Security, and Beau Rivage staff) were treating her, a black patron, differently than white patrons. She alleges Defendants refused her service but failed to provide any reason for the denial of service. She further asserted that a white guest was standing in an employee-only area, violating hotel policy, but was not denied service like Mayfield.

The undersigned finds that Mayfield has provided a set of facts that support a claim for discrimination in public accommodations in violation of Title II of the Civil Rights Act of 1964. 42 U.S.C. § 2000a. Title II guarantees "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." *Id*. A Title II claim seeks to remedy the denial to the plaintiff of the full and equal enjoyment of the services offered by a defendant establishment. Title II applies to places of public accommodation, which include lodgings (such as hotels or motels), restaurants, and entertainment

venues. *Id.* § 2000a(b). However, the only relief available under Title II is injunctive relief; therefore, damages cannot be awarded in a Title II claim. *Bass v. Parkwood Hosp.*, 180 F.3d 234, 244 (5th Cir. 1999). Mayfield seeks over a $1,000,000 in damages. Doc. [1], at 4. In her complaint, Mayfield seeks injunctive relief insofar as she requests "all rights restored as a patron of Beau Rivage Casino." *Id*. The undersigned concludes that Mayfield's Title II claims for damages should be dismissed. However, the undersigned finds that Mayfield's Title II claim for injunctive relief should be the only surviving claim.

## RECOMMENDATION

The undersigned recommends that all claims presented by Plaintiff Karen Mayfield, except her claim for injunctive relief under Title II of the Civil Rights Act, be dismissed with prejudice for failure to state a claim.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed

factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 6th day of April 2023.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE