IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KAREN MAYFIELD**                                                                                                       **PLAINTIFF**

v.                                                                        **CIVIL ACTION NO. 1:23-cv-8-TBM-RPM**

**BEAU RIVAGE RESORTS, LLC**                                                                           **DEFENDANT**

### ORDER DENYING LEAVE TO APPEAL
### *IN FORMA PAUPERIS*

BEFORE THE COURT is *pro se* Plaintiff Karen Mayfield's Application [62] to proceed on appeal *in forma pauperis*, and her Motion [64] Requesting Transcript at the Government's expense. After review, the Court exercises its discretion and certifies that Ms. Mayfield's appeal is not taken in good faith. Therefore, her Application to proceed on appeal *in forma pauperis* is DENIED. Further, as Ms. Mayfield's motion to procced *in forma pauperis* is denied because it is based on frivolous issues, her motion requesting a hearing transcript at the Government's expense is also DENIED.

### I. BACKGROUND

On January 11, 2023, Ms. Mayfield sued a casino, the Defendant, Beau Rivage Resorts, LLC, for allegedly violating her civil rights when she was "trespassed" from the property. [1]. In her Complaint, Ms. Mayfield alleged sexual harassment, assault, and racial discrimination, as she is a black woman. [1], p. 4. Because Ms. Mayfield provided insufficient factual allegations to support her claims, United States Magistrate Judge Robert P. Myers held a *Spears* hearing on April 3, 2023, where Ms. Mayfield provided testimony related to all her claims. [9], pps. 2-3. On April 6, 2023, Judge Myers submitted a Report and Recommendation to the Court detailing that Ms. Mayfield merely presented conclusory allegations with limited, or no, factual support as it related

to her sexual harassment and assault claims. [9], p. 3.

Judge Myers, did however, find that Ms. Mayfield might have had a remaining racial discrimination claim. [9], p. 3. At the *Spears* hearing, Ms. Mayfield alleged that the Beau Rivage treated her differently than white patrons. *Id.* She also alleged that the Beau Rivage refused her service as a black woman, but that the Beau Rivage allegedly provided no reason for the denial of service and that a white guest was standing in an employee-only area, violating hotel policy, but was not denied service like Ms. Mayfield. *Id.* On August 10, 2023, this court adopted the Report and Recommendation from Judge Myers and Ms. Mayfield proceeded with proving her claim for injunctive relief under Title II of the Civil Rights Act. [29]. Specifically, Ms. Mayfield sought the restoration of her rights and privileges to return to Beau Rivage's premises since she was trespassed. [9], p. 4.

On January 30, 2024, the Beau Rivage filed its Motion for Summary Judgment alleging that it trespassed Ms. Mayfield, not because of her race but because of her undesirable behavior at the property, and her violation of the 24-hour ban that the Beau Rivage gave her after the undesirable behavior. [49]. Ms. Mayfield never opposed the Beau Rivage's motion. On April 11, 2024, this Court held a hearing on the Motion for Summary Judgment and all of Ms. Mayfield's various Motions.[1]  For clarity purposes, and though the Court gave more details as to its ruling in its Order adopting its bench ruling and granting the Beau Rivage's Motion for Summary Judgment [59], the Court restates some of its findings and conclusions again here.

---

[1] Ms. Mayfield's Motion for the Courts Judge [45], Motion for Discovery [47], and Motion for the case to be removed from this Court [56] were also denied during the hearing and in a subsequent order adopting the ruling from the bench. [59].

2

To bring a successful claim of Title II race discrimination utilizing the framework the Supreme Court articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), a plaintiff must first establish a prima facie case of discrimination. *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 349 (5th Cir. 2008). "The standard for a prima facie case under [Title II] varies slightly from that under section 1981, but [Title II] claims are subject to the same burden-shifting analysis as a 42 U.S.C. § 1981 claim when there is no direct evidence of discrimination." *Dunaway v. Cowboys Nightlife*, Inc., 436 F. App'x 386, 399 (5th Cir. 2011); *Procter v. Host Int'l, Inc.*, No. 3:16-CV-399-LG-RHW, 2017 WL 4779432, at *3 (S.D. Miss. Aug. 2, 2017).

If a plaintiff can establish a prima facie case of discrimination under Title II, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Fahim*, 551 F.3d at 350. If a defendant offers a legitimate, nondiscriminatory reason for its action, a plaintiff must then put forth evidence sufficient to create a genuine issue of material fact that either (1) the defendant's reason is pretext or (2) the defendant's reason, if true, is only one reason for its action, and another "motivating factor" is the plaintiff's protected characteristic. *Fahim*, 551 F.3d at 350-51.

The Fifth Circuit has often assumed, without deciding, that a plaintiff has met their prima facie burden because all facts are taken in the light most favorable to them. *Fahim*, 551 F.3d at 350. This Court followed suit at the April 11th hearing and assumed that Ms. Mayfield had satisfied the elements of a prima facie case. But even with that assumption, Ms. Mayfield failed to provide evidence against the Beau Rivage's legitimate nondiscriminatory reason for her trespass. [59], pps. 3-4. Without any evidence to rely on from Ms. Mayfield and in addition to Ms. Mayfield's failure

3

to respond to the Beau Rivage's Motion and its evidence, this Court granted the Motion for Summary Judgment. *Id.* At the hearing, the Court also explained why—in applying the facts to the law—the dismissal was required.

At the start of its ruling, the Court began with the assumption that Ms. Mayfield made a prima facie case for Title II race discrimination. [59], p. 3. It then moved to the next step and determined whether the Beau Rivage provided a legitimate, nondiscriminatory reason for its actions. The Beau Rivage put forward evidence that it banned Ms. Mayfield from the property because of her inappropriate conversations regarding confidential medical information of a band member on its premises, and because Ms. Mayfield violated the temporary, 24-hour cool off period given to her after the inappropriate conversation. [59], p. 3. The Court found those reasons to be legitimate and nondiscriminatory. *Id.* The burden then shifted to Ms. Mayfield to rebut the Beau Rivage's reasons by providing substantial evidence to raise a genuine issue of fact as to pretext. *Id.* Ms. Mayfield did not do so and only claimed that the Beau Rivage—as she seeks to do now regarding the Federal Judges on this case—is racist without any evidence to support that claim. *Id.* Because Ms. Mayfield lacked evidence of racial discrimination, and the Beau Rivage had a legitimate, nondiscriminatory reason for banning her, coupled with submitted evidence to support its claims, the Court granted the Beau Rivage's Motion for Summary Judgment. [59], p. 4.

## II. ANALYSIS

Now, Ms. Mayfield has filed an appeal and seeks to proceed *in forma pauperis*. Ms. Mayfield states in her motion that her reasons for appeal are:

> I had two white Judges on my case [,] and they did nothing for my case but worry about what the defendants want[ed] on my case[.] They had the video footage [for]

4

over a year and did not even look at it [.] One Judge drag[ged] my case a [w]hole year.

[62]. "[A] district court may certify that an IFP appeal is not taken in good faith under section 1915(a)(3) and Rule 24(a)." *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The Federal Rules of Appellate Procedure states that a party who was permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. FED. R. APP. P. 24(a)(3)(A). If a court finds that the appeal is not taken in good faith and the Court denies the motion to appeal *in forma pauperis*, the district court must state in writing the reasons for its denial. FED. R. APP. P. 24(a)(2).

This Court finds that Ms. Mayfield's *in forma pauperis* motion is not taken in good faith because the issues she raises are frivolous. "To proceed [*in forma pauperis*], [Ms. Mayfield] must demonstrate both financial eligibility and a nonfrivolous issue for appeal." *Sec. & Exch. Comm'n v. Milles*, No. 22-50736, 2023 WL 8253756, at *1 (5th Cir. Nov. 29, 2023) (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). An appeal presents nonfrivolous issues when it raises legal points arguable on the merits. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Courts have held that absent a showing of a nonfrivolous issue, a party's motion to proceed *in forma pauperis* is not made in good faith and should be denied. *Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir. 1988).[2]

---

[2] *Tehuti v. Collie*, No. 21-10913, 2022 WL 14050020, at *1 (5th Cir. Oct. 24, 2022), *cert. denied*, 143 S. Ct. 1089, 215 L. Ed. 2d 398 (2023) (denying plaintiff's *in forma pauperis* motion because plaintiff failed to adequately brief any meritorious challenge to the district court's decision which is the same as if the plaintiff had not appealed the district court's decision at all); *Morningstar v. Kroger Co.*, No. 21-60361, 2022 WL 1658244, at *1 (5th Cir. May 25, 2022), *cert. denied*, 143 S. Ct. 250, 214 L. Ed. 2d 104 (2022) (denying plaintiff's appeal because plaintiff identified no

5

Here, Ms. Mayfield has presented no potential legal arguments on the merits against this Court's granting of summary judgment for the Beau Rivage. *Howard*, 707 F.2d at 220. To that end, Ms. Mayfield does not dispute the following findings: that the Beau Rivage had a legitimate, nondiscriminatory reason when it banned Ms. Mayfield from the property because of her inappropriate conversations regarding confidential medical information of a band member on its premises, and because Ms. Mayfield violated the temporary, 24-hour cool off period given to her after the inappropriate conversation, and that Ms. Mayfield had no evidence of pretext to rebut this reason. Further, the Motion for Summary Judgment was ruled on within a couple of months of being filed. There was certainly not unnecessary delay. Still, Ms. Mayfield seeks to raise baseless arguments related to the race of the Judges and the video footage that was seen and addressed by both the Magistrate Judge and the District Court Judge. This is consistent with her behavior in the case prior to dismissal where she accused the Magistrate Judge of bribery—with no evidence of support—and accused Defense Counsel of improper conduct, again with no evidence of support. Regardless, absent a showing of nonfrivolous issues, that Ms. Mayfield's motion to proceed *in forma pauperis* is not made in good faith and is denied.

Lastly, 28 U.S.C. Section 753(f) allows the Court to order the Government to pay for

---

error in the district court's analysis in granting summary judgment for the defendant, such that it is as if he had not appealed that issue); *Sec. & Exch. Comm'n v. Milles*, No. 22-50736, 2023 WL 8253756, at *1 (5th Cir. Nov. 29, 2023) (finding that because the plaintiff's conclusory arguments do not provide a nonfrivolous issue for appeal, the *in forma pauperis* motion was denied); *Stringer v. Frito-Lay Corp.*, No. 3:19-CV-1, 2023 WL 5810380, at *1 (S.D. Miss. Sept. 7, 2023) (upholding the Magistrate Judge's decision to deny the plaintiff's *in forma pauperis* motion because the plaintiff's argument that the court abused its discretion was not an adequate showing of a nonfrivolous issue on the merits); *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (upholding the district court's denial of plaintiff's *in forma pauperis* motion because the plaintiff failed to show the existence of nonfrivolous arguments on the law or facts of the case); *Urmancheev v. R. NDOH, et al.*, No. 1:21-CV-00255, 2024 WL 2834221, at *2 (E.D. Cal. May 31, 2024) (denying plaintiff's *in forma pauperis* motion based on a finding that it was not made in good faith because the plaintiff offered no meritorious issues they could argue on appeal).

transcripts for persons permitted to appeal *in forma pauperis* if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f). Here, as the Court has already determined that Ms. Mayfield's appeal *in forma pauperis* is based on frivolous issues, she is therefore, not permitted to proceed on appeal *in forma pauperis* and her request for transcripts at the government's expense is denied. The Court assumes Ms. Mayfield requires the transcripts to assist with her appeal. But Ms. Mayfield fails to explain a meritorious basis for her appeal. The Court cannot order the government's payment of transcripts merely to allow Ms. Mayfield to search for grounds for relief just because she is indigent. And there is certainly no meritorious basis for appeal in proving the race of the Judges within the transcripts. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir.1975) (finding that appellant is not entitled to a free copy of his transcript to search for potential claims merely because he is an indigent). To be sure, Ms. Mayfield attended the hearing and heard the Court's ruling. Further she received a copy of the Court's opinion which summarized the Court's ruling. [59]. Again, because Ms. Mayfield's motion to proceed on appeal *in forma pauperis* is not made in good faith and is denied, the Court declines her request for a transcript at the expense of the government because the appeal is frivolous.

Although this Court has certified that the appeal is not taken in good faith under Federal Rules of Appellate Procedure 24(a)(3)(A), Ms. Mayfield may challenge this finding by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order. FED. R. APP. P. 24(a)(5).

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that *pro se* Plaintiff Karen Mayfield's Application [62] to proceed on appeal *in forma pauperis* is DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that *pro se* Plaintiff Karen Mayfield's Motion [64] Requesting Transcript at Government Expense is DENIED.

SO ORDERED AND ADJUDGED, this the 25th day of June, 2024.

                                            TAYLOR B. McNEEL
                                            UNITED STATES DISTRICT JUDGE