IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KAREN MAYFIELD**                                                                        **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:23-cv-8-TBM-RPM**

**BEAU RIVAGE RESORTS, LLC**                                       **DEFENDANT**

## **ORDER**

      This case concerns the Beau Rivage's permanent ban of *pro se* Plaintiff, Karen Mayfield, from the property because of her inappropriate conversations regarding confidential medical information of a band member on its premises, and because Ms. Mayfield violated the temporary cool-off period instructing her to stay off the premises. Ms. Mayfield contends, however, that she was discriminated against because of her race. On April 15, 2024, the Court granted the Beau Rivage's Motion for Summary Judgment [49] and dismissed this action with prejudice. The Court found that even if Ms. Mayfield made a prima facie case of racial discrimination, the Beau Rivage put forward a legitimate, non-discriminatory reason for banning Ms. Mayfield, which Ms. Mayfield failed to rebut. [59]. Instead, Ms. Mayfield made only conclusory statements that the Beau Rivage was racist. *Id.* Aggrieved, Ms. Mayfield timely filed her Notice of Appeal [61] to the Fifth Circuit on April 17, 2024.

      Although Ms. Mayfield's appeal is currently pending before the Fifth Circuit, on August 8, 2024, she filed in this Court a "Motion to the Courts on My Transcript by Kati Vogt" [67]. In her Motion, Ms. Mayfield challenges portions of the Transcript [66] of the summary judgment hearing conducted on April 11, 2024. Ms. Mayfield specifically takes issue with the court reporter's inclusion of Ms. Mayfield's repeated use of the phrase "Uh-huh" as an affirmative answer. [66] at

25:7, 25:12, 25:17, 26:15; 29:8; 30:13, 30:16, 31:19, 31:24, 32:17, 32:23, 33:21, 34:14, 34:23, 35:1. Ms. Mayfield also accuses the undersigned of making contradictory statements in the record related to the Court's review of the evidence. [67], p. 1. For the reasons articulated below, the Court denies Ms. Mayfield's motion.

The Fifth Circuit follows the general rule that "the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded." *Ross v. Marshall*, 426 F.3d 745, 751 (5th Cir. 2005) (quoting *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983)); *Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982) ("the filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")). Accordingly, a trial court may rule on a motion to correct the transcript, even after the filing of a notice of appeal, as doing so "falls within [the] exception" of aiding the appeal. *Nevins v. United States*, No. Civ. 90-302-FR, 1993 WL 244012 (D. Or. June 11, 1993); *see Hussein v. New Jersey*, No. Civ. 09-1291 (DRD), 2010 WL 2880174 (D.N.J. July 19, 2010) (recognizing the district court's authority to correct a transcript after the plaintiff's filing of a notice of appeal). Because ruling on Ms. Mayfield's present Motion will resolve any issue about the transcript and aid the Fifth Circuit in Ms. Mayfield's appeal, this Court finds that it has the authority to consider the portions of this Motion concerning the transcript.[1]

---

[1] In her Motion, Ms. Mayfield also argues that the undersigned and the Magistrate Judge improperly ruled on this case. She specifically claims that "Judge Myers and Judge McNeel never was to be [sic] on my case anyway because they both had a conflict of interest on my case and where is it on the judicial conduct on [ Judge] Myers I filed…." [67], p. 1. She also alleges that the undersigned ruled hastily compared to the Magistrate Judge's more drawn-out

Pursuant to statute, "[t]he transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record confirmed accordingly." FED. R. APP. P. 10(e)(1). *Prewitt v. Mississippi State Univ.*, No. 1:06-cv-338-LG, 2013 WL 453975 (S.D. Miss. Jan. 7, 2013) (confirming the accuracy of the trial transcript when the plaintiff asserted that words spoken at trial had been omitted from the transcript).

Upon review of the audio recording from the April 11 motion hearing, the Court finds that the transcript accurately reflects Ms. Mayfield's repeated use of the phrase, "Uh-huh" as an affirmative answer to the Court's questioning. [66]. Contrary to Ms. Mayfield's allegations, the court reporter in no way altered or improperly amended the transcript. Instead, the Court finds that the transcript correctly represents the audio captured at that hearing.

Ms. Mayfield also claims that the undersigned stated at that same motion hearing that "he seen [sic] all the surveil-lance [sic] on my case" and "bits and pieces look alright to him." [67], p. 1. Although Ms. Mayfield restates an argument she raised in her Notice of Appeal [61], the Court has considered this argument only to ensure that the transcript is correct and to preserve the record for the appellate court. *Ross*, 426 F.3d at 751. And upon review, this Court finds that Ms. Mayfield's

---

involvement: "this court put these to [sic] judges on my case and they work against me for the defendants[.] Judge McNeel gave my case to them in one day as Judgers Myers drag [sic] it over a year without giving my case to the Beau Rivage but [ Judge McNeel] think [sic] he can in one day that wasn't done in over a year by the Head Judge[.] I don't think so[.] [I]f Judge Myers did not give them my case what makes him think he can…." [67], p. 2. Because Ms. Mayfield's Motion [67] raises the same allegations of impropriety against the undersigned and the Magistrate Judge as addressed in her Notice of Appeal [61], this Court has been "divest[ed] … of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. Therefore, this Order does not address any issues Ms. Mayfield has raised regarding the undersigned or the Magistrate Judge's handling of this case; those are properly left to the Fifth Circuit.

3

assertion is not accurate. Rather, the undersigned said, "And, again, I note that while I have not reviewed all hours of the surveillance footage, I have reviewed surveillance footage in this case, and I've reviewed all of the documents that Beau Rivage has put forward." [66], p. 59.

While this Court may correct matters in the transcript to aid the Court of Appeals, it need not do so here because the April 11, 2024, hearing transcript [66] accurately and completely reflects statements made both by Ms. Mayfield and by this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that *pro se* Plaintiff Karen Mayfield's Motion to the Courts on Transcript [67] is DENIED.

THIS, the 29th day of August, 2024.

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE